JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Heritage Senior Living
765 Skippack Pike, Suite 300
Blue Bell, PA 19422 (215)793-4445

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Assistant US Attorney Michael S. Macko
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106 (215)861-8415

Attorneys *(If Known)*
W. Christian Moffitt, Esq
Fox Rothschild LLP
10 Sentry Parkway, Suite 200, Blue Bell, PA 19422 (610)397-7973

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 3601

Brief description of cause:
Discrimination against residents and prospective residents on the basis of disability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/13/2020
SIGNATURE OF ATTORNEY OF RECORD: s/ Michael S. Macko, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>HERITAGE SENIOR LIVING, LLC,<br>WESTRUM HANOVER, LP, and<br>GAHC BETHLEHEM PA ILF, LLC<br><br>Defendants | Civil Action<br>No. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| May 13, 2020 | s/ Michael S. Macko | Plaintiff – United States |
| **Date** | **Michael S. Macko, AUSA** | **Attorney for** |
| | | |
| 215-861-8415 | 215-861-8618 | Michael.Macko@usdoj.gov |
| **Telephone** | **FAX Number** | **Email Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Address of Defendant: Heritage Senior Living, 765 Skippack Pike, Suite 300, Blue Bell, PA 19422

Place of Accident, Incident or Transaction: Traditions of Hanover, 5300 Northgate Drive, Bethlehem, PA 18017

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/13/2020     s/ Michael S. Macko, Assistant U.S. Attorney     203175
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael S. Macko, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 05/13/2020     s/ Michael S. Macko, Assistant U.S. Attorney     203175
*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| HERITAGE SENIOR LIVING, LLC, WESTRUM HANOVER, LP, and GAHC3 BETHLEHEM PA ILF, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The United States of America alleges as follows:

### NATURE OF THE ACTION

1. The United States brings this action to enforce the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq*. ("FHA"). As set forth below, the United States alleges that Defendants discriminated against residents and prospective residents with disabilities at Traditions of Hanover ("Traditions"), a multifamily apartment complex for seniors in Bethlehem, Pennsylvania.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the events or omissions giving rise to the claims alleged in this action occurred in this District; Defendants either currently own or operate, or formerly owned or operated, Traditions of Hanover, a

business that is located in this District; Defendant Heritage Senior Living, LLC ("Heritage") is a Pennsylvania entity licensed to do business in this District; and Defendants Westrum Hanover, LP ("Westrum") and GAHC3 Bethlehem PA ILF, LLC ("GAHC3") are Delaware entities licensed to do business in this District and have designated agents for service of process in this District.

## TRADITIONS OF HANOVER

4. Traditions is a multifamily apartment building for seniors age 55 and older located at 5300 Northgate Drive in Bethlehem, Pennsylvania. Traditions contains 115 apartment units ranging in size from studio to two bedroom.

5. The apartment units are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

6. Traditions offers month-to-month lease agreements and services and amenities targeted towards seniors, including two meals a day served in the dining room, on-site and off-site events, and transportation to sponsored off-site events, shopping, and doctor's appointments. It also provides weekly house cleaning and linen changes.

7. Traditions is not an assisted living facility, nursing home, or other kind of health care facility licensed by the state to provide medical care.

## DEFENDANTS

8. Defendant Westrum is a Delaware limited partnership licensed to do business in Pennsylvania, whose principal place of business is located at 765 Skippack Pike, Suite 300 in Blue Bell, Pennsylvania. Westrum has been registered to do business in Pennsylvania and

Delaware since 2004.  Westrum was the owner of Traditions from January 2004 through June 2015.

9. Defendant GAHC3 is a Delaware limited liability company licensed to do business in Pennsylvania, whose principal place of business is located at 2711 Centerville Road, Suite 400 in Wilmington, Delaware.  GAHC3 has been registered to do business in Pennsylvania and Delaware since 2015.  GAHC3 is the current owner of Traditions.

10. At all times relevant to this complaint, Defendants Westrum or GAHC3 have leased apartment units to tenants at Traditions.

11. Defendant Heritage is a Pennsylvania limited liability company whose principal place of business is located at 765 Skippack Pike, Suite 300 in Blue Bell, Pennsylvania.  At all times relevant to this complaint, Heritage has managed Traditions on behalf of Westrum or GAHC3.  In addition, Heritage has managed other multifamily senior housing units on behalf of Westrum and other owners.

12. This complaint refers collectively to Westrum, GAHC3, and Heritage as the "Defendants."

## FACTUAL ALLEGATIONS

**A.     Eligibility and Occupancy Policies at Traditions Discriminate Against Current and Prospective Tenants**

13. Since at least 2005 through the present, the Defendants have created and/or implemented discriminatory policies and practices against residents and prospective residents with disabilities at Traditions.  These policies and practices are set forth in, *inter alia*, the Resident Agreement, the Resident Handbook, the Case Management Policy, the Motorized Chairs and Wheelchairs Policy, and other policies and practices as set forth below.

14. Since at least 2013, Defendants Westrum or GAHC3 as owners of Traditions have required residents to sign a month-to-month lease entitled "Resident Agreement" that includes discriminatory policies and practices based on disability. The current version requires residents to be able to live independently and defines independent living as "includ[ing], but not [being] limited to":

> residing in your apartment safely and securely, being able to shop, managing your money and financial arrangements, being able to get to and from the dining room for meals without supervision or assistance from staff, as well as taking care of your personal hygiene and medications.

15. The Resident Agreement also states that a prospective tenant "may be subject to an initial physical assessment prior to entry into Traditions of Hanover to ensure independent living is an appropriate environment for Tenant." Additionally, the Resident Agreement can be terminated if "the Executive Director concludes that after conducting an assessment on the Tenant" that the tenant has one or more of the following characteristics, including: is bedridden and requires 24-hour care, has cognitive decline such that the tenant cannot make simple decisions regarding bathing, dressing, and eating, or is medically unstable.

16. From at least 2005 to the present, the Defendants have created, updated, and implemented a Resident Handbook that includes discriminatory policies and practices based on disability. The Resident Handbook is distributed to Traditions' residents and contains policies and procedures for residents. To be eligible to live at Traditions, the Resident Handbook requires that all prospective and current residents be capable of "independent living" and defines independent living as including, "residing in your apartment safely and securely," the ability to shop and manage finances, the ability to get to and from the dining room independently, and the ability to handle personal hygiene and medications independently.

17. The Resident Handbooks dated from 2005 through at least 2007 included in the definition of independent living that "[i]f, however, it becomes obvious to staff that you require more assistance than is feasible in an apartment setting we will recommend to you and your family that you seek living accommodations that can offer you the services you need."

18. The Resident Handbooks dated from 2005 through at least 2007 required residents who used wheelchairs or other mobility aids to transfer to dining room chairs during meals, with servers removing the mobility device and returning it after the meal.  Based on internal emails, staff continued to require residents to transfer to dining chairs from their wheelchairs until at least 2012.

19. Defendants provide transportation services to residents for off-site events, shopping trips, and appointments and includes the van schedule and transportation policies in the Resident Handbook.  Prior to 2013, Defendants Westrum and Heritage did not provide accessible transportation to residents who used a wheelchair.

20. Since approximately the spring of 2012, Defendant Heritage has created and implemented a Case Management Policy that contained discriminatory policies and practices based on disability.  The Policy states that management has the right to terminate resident leases because of a resident's medical condition even if the resident employed "home care or other support services."  Additionally, the Policy says that the Case Manager, a Heritage employee, can make the requirement of supportive services a condition of the lease, and any failure to abide by those mandated services could result in termination of the lease.

21. The Case Management Policy also included discriminatory policies and practices with respect to prospective residents. The Policy describes procedures for pre-move in assessments of prospective residents, including observing potential residents' functional

5

capabilities when meeting the prospect. It further states that if a prospective resident has been on the waitlist for an extended period of time, then the Case Manager or marketing staff should meet with the individual again to reevaluate their functional capabilities at that time, including looking for issues such as cognitive impairment; physical deficits; identification of frequent medical problems; disclosure of unsafe behaviors or "wandering"; and lack of attention or inability to handle "activities of daily living", medications, or incontinence. The Policy also directs that once a resident moves in, staff should conduct ongoing assessments by observing the residents to ensure they still qualify for "independent living."

22. In approximately 2012 and 2013, Defendant Heritage prepared a series of documents entitled "Characteristics of Independent Living," "Who We Are at Traditions," and "Guidelines for Evaluating Prospective Residents" that memorialized discriminatory policies and practices with respect to prospective residents with disabilities. These documents described desirable residents as "healthy individuals [who] require minimal or no assistance, medical or otherwise" and stated that residents "should begin their lives at Traditions of Hanover as independent seniors." These documents also listed characteristics that Defendants Westrum and/or Heritage desired in prospective residents, including preferences for residents who did not have mobility, emotional, or cognitive disabilities. These documents also noted that prospective residents may have to undergo medical or cognitive evaluations prior to moving in.

23. The Defendants also discriminated against residents who used motorized mobility devices by imposing a financial penalty and requiring that the resident transfer from the motorized mobility device to a chair in the dining room. Specifically, from at least October 30, 2007 to early 2017, the Defendants created and implemented a Motorized Chairs and Wheelchairs Policy that required any resident who used a motorized mobility device at

Traditions to sign a separate agreement, pay a $500 non-refundable deposit, and transfer from the motorized mobility device to a dining room chair during meals.

24. None of the policies referenced above include any provisions allowing a current or prospective resident to request a reasonable accommodation. None of the policies referenced above contain a statement that the Defendants do not discriminate on the basis of disability.

**B.     The Discriminatory Policies and Practices Described Above Affected Residents and Prospective Residents With Disabilities**

25. These policies affected current and prospective tenants. For example, the Defendants maintained a database, called REPS, that tracked their interactions with potential residents. The REPS database includes entries indicating that the Defendants evaluated prospective residents' disabilities, including but not limited to, requiring pre-move in assessments and denying tenancy based on disability.

26. Based on Defendants' documents, Defendants Heritage and/or Westrum invoked the terms of the Resident Agreement to terminate tenancy of some residents due to the tenants' disabilities.

27. Based upon Defendants' documents, at least one prospective resident decided not to use a motorized mobility device while living at Traditions in part because of the fee. Further, Defendants Westrum and/or Heritage required at least three residents to transfer to a dining room chair from a wheelchair. Defendants also charged residents a nonrefundable fee to use their motorized mobility devices.

28. A former employee of Traditions of Hanover raised objections to the facility's exclusion of prospective residents with disabilities and corresponding violations of the Fair Housing Act. Heritage Senior Living subsequently fired the employee.

**Fair Housing Act Claims**

29. The United States re-alleges and incorporates by reference the allegations set forth above.

30. The conduct of the Defendants described above violates 42 U.S.C. §§ 3604(c), (f)(1), and (f)(2).

31. The Defendants, by the actions set forth above, have:

   a. made statements with respect to a dwelling that indicate a preference, limitation, or discrimination based on disability, or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

   b. discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a); and

   c. discriminated in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services of facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b).

32. The conduct of the Defendants described above constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the FHA and a denial to a group of persons of rights granted by the FHA, which denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

33. Persons who were victims of the Defendants' discriminatory housing practices and policies are aggrieved persons under 42 U.S.C. § 3602(i), and may have suffered injuries because of the conduct described above.

34. The conduct of the Defendants described above was intentional, willful, reckless, deliberately indifferent to, and taken in disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

a. Declares that the conduct of the Defendants, as alleged in this complaint, violates the FHA;

b. Enjoins the Defendants, their officers, agents, employees, and successors, and all other persons in active concert or participation with them from:

   i. discriminating on the basis of disability in violation of the FHA;

   ii. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory policies and practices; and

   iii. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' discriminatory practices.

c. Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to all persons harmed by the Defendants' discriminatory housing policies and practices; and

d. Assesses a civil penalty in an amount authorized by 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest against each Defendant who participated in creating and implementing the discriminatory housing policies and practices described above.

The United States further prays for such additional relief as the interests of justice may require.

Dated: May 13, 2020

                                                                      Respectfully submitted,

                                                                      WILLIAM P. BARR
                                                                      Attorney General

| | |
|---|---|
| | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | |
| | SAMEENA SHINA MAJEED<br>Chief |
| WILLIAM M. McSWAIN<br>United States Attorney<br>Eastern District of Pennsylvania | |
| s/ Gregory B. David<br>GREGORY B. DAVID<br>Assistant United States Attorney<br>Chief, Civil Division | s/ Julie J. Allen<br>ANDREA K. STEINACKER<br>Special Litigation Counsel<br>JULIE J. ALLEN<br>LAUREN M. MARKS<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>150 M Street, NE<br>Washington, DC 20530<br>Phone: (202) 307-6275<br>Fax: (202) 514-1676<br>E-mail: Julie.Allen@usdoj.gov<br>         Lauren.Marks@usdoj.gov |
| s/ Charlene Keller Fullmer<br>CHARLENE KELLER FULLMER<br>Assistant United States Attorney<br>Deputy Chief, Civil Division | |
| s/ Michael S. Macko<br>MICHAEL S. MACKO<br>Assistant United States Attorney<br>United States Attorney's Office for the Eastern District of Pennsylvania<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106<br>Phone: (215) 861-8415<br>Email: Michael.Macko@usdoj.gov | |
| | Attorneys for Plaintiff<br>United States of America |